UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRICK SYLVE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6352** |
| **CLOVIS TILLERY, WARDEN** | **SECTION "A"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.    Factual Background**

The petitioner, Darrick Sylve ("Sylve"), is an inmate in the River Correctional Facility II in Ferriday, Louisiana.[2] On July 15, 2004, Sylve and four co-defendants, Shawn J. Briscoe, Terry D. Harris, Phillip E. Jackson, and Bruce Williams, were charged by bill of information in Jefferson Parish with one count of carnal knowledge of a known juvenile by having consensual sexual

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 15.

intercourse when the juvenile was over 12 years old but under 17 years old and there was more than a two year difference between the perpetrator and the juvenile. Briscoe was charged in a second count of carnal knowledge of the same juvenile. Harris also was charged in a third count with carnal knowledge of the same juvenile. Briscoe, Harris, and Sylve were charged in a fourth count of carnal knowledge of the same juvenile.[3]

On February 23, 2005, Sylve entered a plea of guilty to the fourth count and was sentenced to seven years in prison.[4] Pursuant to the plea agreement, the State filed a multiple bill charging Sylve as a second felony offender.[5] The Court accepted his plea to the multiple bill and re-sentenced him as a second offender to serve seven years in prison without benefit of parole, probation, or suspension of sentence.[6] The State also dismissed other charges pending against Sylve as part of the plea agreement.[7]

Sylve's conviction and sentence became final 30 days later, on Friday, March 25, 2005,[8] or the next business day Monday, March 28, 2005, when he did not appeal or seek review of his sentence. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty

---

[3]St. Rec. Vol. 1 of 5, Bill of Information, 7/15/04.

[4]St. Rec. Vol. 1 of 5, Plea Minutes, 2/23/05; Defendant's Acknowledgment of Constitutional Rights and Wavier of Rights on Entry of a Plea of Guilty, 2/23/05; St. Rec. Vol. 2 of 5, Plea Transcript, 2/23/05.

[5]*Id*.; St. Rec. Vol. 1 of 5, Multiple Bill, 2/23/05.

[6]*Id*.; St. Rec. Vol. 2 of 5, Plea Transcript, 2/23/05.

[7]St. Rec. Vol. 2 of 5, Plea Transcript, p. 17, 2/23/05.

[8]Friday, March 25, 2005, was Good Friday, which is a legal holiday in Louisiana. La. Rev. Stat. Ann. §1:55. The date therefore falls to the Monday, March 28, 2005. La. Code Crim. P. art. 13.

pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914).[9]

## II.     State Post-Conviction Proceedings

On April 27, 2005, Sylve filed his first motion seeking copies of transcripts related to his plea.[10] The Trial Court granted the request to provide him with a copy of the plea transcripts and denied the balance of the request on April 28, 2005.[11]

Thereafter, on January 9, 2006, Sylve filed with the trial court an application for the issuance of a subpoena duces tecum in which he sought to obtain copies of the victim's medical records and other forensic results.[12] The Trial Court denied the motion on January 13, 2006, finding that he had other means of obtaining the district attorney's file and finding the request was otherwise unreasonable.[13]

Over the following months, Sylve filed several more requests for the same documents, all of which were denied by the state trial court as repetitive.[14] Sylve also sought review of one of the

---

[9]The *Cousin* court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 render the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). At the time of *Cousin*, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[10]St. Rec. Vol. 2 of 5, Motion for Production of Transcripts, 4/27/05.

[11]St. Rec. Vol. 2 of 5, Trial Court Order, 4/28/05. On June 28, 2005, Sylve presented to the state trial court a copy of a pleading entitled "Original Brief of Appellant" in which he purports to seek review of the denial of his motion to withdraw a plea in Criminal Case No. 00-7037 which was denied by the trial court under that criminal case number. The pleading does not appear to be related to the instant action.

[12]St. Rec. Vol. 3 of 5, Application for Issuance of a Writ of Subpoena Duces Tecum, 1/9/06 (dated 1/5/06).

[13]St. Rec. Vol. 3 of 5, Trial Court Order, 1/13/06.

[14]St. Rec. Vol. 3 of 6, Application for Writ of Certiorari, 6/26/06; Trial Court Order, 7/13/06; Application for Issuance of a Writ of Subpoena Duces Tecum, 7/5/06; Trial Court Order, 7/26/05; Inquiry to the Court, 8/7/06; Trial Court Order, 8/23/06; Application for Issuance of a Writ of Subpoena Duces Tecum, 8/30/06; Trial Court Order, 9/8/06.

Trial Court's denials issued on July 26, 2006, and the writ application was denied by the Louisiana Fifth Circuit Court of Appeal finding no error by the Trial Court.[15]

On November 29, 2006, Sylve filed an application to proceed in forma pauperis which was denied by the Trial Court because he had no pending matter to which it could have been related.[16]

Thereafter, on February 13, 2007, Sylve submitted to the Trial Court an application for post-conviction relief in which he raised three grounds for relief:[17] (1) he was coerced by counsel and the State into accepting an illegal and fraudulent plea agreement based on Criminal Case No. 00-7037; (2) he received ineffective assistance where counsel negotiated an illegal plea agreement; and (3) he was denied due process where the plea was not knowing and voluntary. The Trial Court denied the application on May 16, 2007, finding that the first claim addressed a different conviction and was otherwise barred from review by La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*.[18] The Court also found the remaining claims to be without merit.

Sylve sought timely review of the order in the Louisiana Fifth Circuit Court of Appeal.[19] The Court denied the application finding no error in the Trial Court's order.[20] While he filed a pleading

---

[15]St. Rec. Vol. 3 of 5, 5th Cir. Order, 06-KH-652, 9/6/06.

[16]St. Rec. Vol. 3 of 5, Trial Court Order, 2/13/07.

[17]St. Rec. Vol. 2 of 5, Uniform Application for Post-Conviction Relief, 2/26/07 (dated 2/13/07); *see also*, St. Rec. Vol. 4 of 5, Request for Relief, 4/24/07.

[18]St. Rec. Vol. 4 of 5, Trial Court Order, 5/16/07.

[19]The State failed to provide a copy of the writ application. However, the record reflects that the application was filed on June 20, 2007. St. Rec. Vol. 4 of 5, 5th Cir. Order, 07-KH-445, 7/27/07 (filing date appears on the face). The Trial Court had granted Sylve until July 23, 2007, to file his writ application. St. Rec. Vol. 1 of 5, Supervisory Writ of Review, 6/19/07; Trial Court Order, 6/22/07.

[20]St. Rec. Vol. 4 of 5, 5th Cir. Order, 07-KH-445, 7/27/07.

in the Trial Court on August 30, 2007, indicating that he would pursue further review, he did not timely do so.[21]

Two months later, on November 9, 2007, Sylve submitted an untimely[22] writ application to the Louisiana Supreme Court in which he sought review of the Louisiana Fifth Circuit's September 6, 2006, ruling in Writ No. 06-KH-652 related to his request for production of documents.[23] The Court denied the application without stated reasons on October 24, 2008.[24]

Shortly before that ruling, on October 23, 2008, Sylve filed another request for production of documents with the state trial court, which the Court denied on January 26, 2009.[25]

In the meantime, on September 18, 2008, Sylve submitted another untimely writ application to the Louisiana Supreme Court seeking review of the Louisiana Fifth Circuit's July 27, 2007, ruling related to his post-conviction claims.[26] The Court denied the application without stated reasons on August 12, 2009.[27]

---

[21]St. Rec. Vol. 4 of 5, Writ of Certiorari for Post-Conviction Relief Denial, 8/30/07 (dated 8/24/07).

[22]La. S.Ct. R. X § 5(a) provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment, as considered with the applicable mailbox rule. Sylve's application did not meet this deadline.

[23]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 07-KH-2338, 12/5/07 (undated); St. Rec. Vol. 4 of 5, La. S. Ct. Letter, 2007-KH-2338, 12/5/07 (showing postmark of 11/9/07).

[24]*State ex rel. Sylve v. State*, 992 So.2d 1026 (La. 2008); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2007-KH-2338, 10/24/08.

[25]St. Rec. Vol. 4 of 5, Trial Court Order, 1/26/09.

[26]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 08-KH-2452, 10/13/08 (dated 9/16/08); St. Rec. Vol. 4 of 5, La. S. Ct. Letter, 2008-KH-2452, 10/13/08 (showing postmark of 9/18/08).

[27]*State ex rel. Sylve v. State*, 17 So.3d 370 (La. 2009); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2008-KH-2452, 8/12/09.

### III.    Federal Petition

On October 19, 2009, the clerk of this Court filed Sylve's petition for federal habeas corpus relief, in which he raised three grounds for relief:[28] (1) the conviction was obtained by inducing him into accepting an illegal and fraudulent plea agreement; (2) he was denied effective assistance of counsel; (3) he was denied due process as a result of the fraudulent plea agreement; and (4) the state courts erred when they refused to grant his request for relief on post-conviction.

The State filed a response in opposition to Sylve's petition alleging that the petition was not timely filed and that two of the claims were also in procedural default.

### IV.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[29] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on August 24, 2009.[30] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[28]Rec. Doc. No. 3.

[29]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[30]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Sylve's petition on October 19, 2009, when he paid the filing fee after pauper status was denied. Sylve's signature on the petition is dated August 24, 2009. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

6

and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State alleges that Sylve's petition is not timely filed. The Court agrees with the State's conclusion for the following reasons.

## V.     Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[31]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  As discussed above, Sylve's conviction is deemed final on March 28, 2005, which was 30 days after he entered his plea of guilty and was sentenced.

Under the plain language of § 2244, Sylve had until March 28, 2006, to file a timely federal application for habeas corpus relief and he failed to do so.  Thus, literal application of the statute would bar Sylve's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

---

[31]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122 (motion to withdraw a guilty plea is "other collateral

8

review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

Furthermore, requests for documents and transcript copies like those filed by the petitioner in the state courts are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, the AEDPA's one-year filing period began to run on March 29, 2005, the day after Sylve's conviction is deemed final. The period ran uninterrupted for 365 days until March 28, 2006, when it expired. Sylve had no properly filed state post-conviction or other collateral review pending during that time period. His pursuit of documents and transcripts did not constitute such review and did not provide him with any tolling. Another 321 days would pass after the end of the AEDPA filing before he submitted his only application for post-conviction relief to the state trial

9

court. However, pleadings filed in the state courts after expiration of the AEDPA filing period do not provide any tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The Court also notes that some courts in this district have recognized an 86-day suspension period, from September 1 through November 25, 2005, which was granted by the Chief Judge of this Court following Hurricane Katrina. *See Hooker v. Cooper*, No. 10-1624, 2011 WL 335606, at *1 (E.D. La. Jan. 31, 2011) (Lemmon, J.) (citing *Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sep. 23, 2008) (Engelhardt, J.) (order adopting Report and Recommendation)); *Barley v. La. Dept. of Corr.*, No. 06-2441, 2009 WL 2872932, at *3 (E.D. La. Sept. 2, 2009) (Feldman, J.) (order adopting Report and Recommendation). These Courts have applied the suspension period to AEDPA filing periods when they run through the Fall of 2005, as the period does in this case. In Sylve's case, however, even if this suspension period is applied, it would not alter the fact that Sylve's federal petition is not timely filed. At best, the suspension period would extend the filing period to June 22, 2006. Sylve had no properly filed state post-conviction or other collateral review pending during that additional period which would have afforded him additional statutory tolling. Thus, in light of the remaining time during which Sylve had no properly filed state post-conviction or other collateral review pending in the state courts, the application of this Hurricane Katrina suspension period would not render his federal petition timely.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling

is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

In this case, Sylve has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.[32]

Sylve's federal petition is deemed filed on August 24, 2009, which is over three years after the AEDPA filing period expired on March 28, 2006, or June 22, 2006, if the Hurricane Katrina suspension period is considered. Sylve's federal petition under any calculation is untimely and must be dismissed for that reason.

## VI. Recommendation

It is therefore **RECOMMENDED** that Darrick Sylve's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[32]Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland*, 130 S.Ct. at 2574-75 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[33]

New Orleans, Louisiana, this 3rd day of March, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[33]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.